# MINNICK'S, INC. *v.* RELIANCE INSURANCE COMPANY

[No. 205, September Term, 1980.]

*Decided December 11, 1980.*

The cause was argued before THOMPSON, MOORE and WILNER, JJ.

*Browne L. Kooken* for appellant.

*Francis J. Ford,* with whom was *William D. Foote, Jr.,* on the brief, for appellee.

330

THOMPSON, J., delivered the opinion of the Court.

Minnick's, Inc. (Minnick's), the appellant, contracted with Presley Development Company East, Inc. (Presley), to install heating systems in certain houses built by Presley. Following the installation of the systems and the completion and sale of the houses, four of the purchasers instituted actions against Presley, alleging that the heating systems were defective. The damages claimed included the costs to repair and/or replace the defective systems and the costs of using alternative heating systems while the defective systems were inoperable. In addition, in the actions filed by Mr. and Mrs. Stephen Grace and by Mr. and Mrs. Yung-Shu Wu, damages were claimed for loss of consortium allegedly caused by Presley's negligence and breach of warranty. In each of the actions instituted, Presley filed a third party claim against Minnick's, alleging that the heating contractor was responsible for any negligence involved in the installation of the heating systems and that Minnick's was liable to Presley for any judgments which might be recovered by the purchasers. Minnick's in turn notified its liability insurance carrier, Reliance Insurance Company (Reliance), the appellee here, of the claims and requested that Reliance provide a defense. Reliance declined to do so, stating that the claims were not covered by its policy. Minnick's then filed a declaratory judgment action in the Circuit Court for Prince George's County seeking a declaration that Reliance was obligated under the policy to provide a defense and to pay any judgments which might be obtained in the actions. This appeal is from the decision of the Circuit Court denying the declaration sought by Minnick's.

"It is settled law that insurance contracts must be interpreted, like other contracts, according to the sense and meaning of the terms." *United States Fidelity and Guaranty Co. v. National Paving Co.,* 228 Md. 40, 50, 178 A.2d 872 (1962); *American Home Insurance Co. v. Osbourn,* 47 Md. App. 73, 422 A.2d 8 (1980). "If the plaintiffs in the tort suits allege a claim covered by the policy, the insurer has a duty to

defend." *Brohawn v. Transamerica Insurance Co.,* 276 Md. 396, 407, 347 A.2d 842 (1975). The policy between Reliance and Minnick's in pertinent part provided:

"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

Coverage G. personal injury or
Coverage H. property damage

to which this insurance applies, caused by an *occurrence,* and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such personal injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements." (Emphasis added).

Under the definitions applicable to this section of the policy quoted above,

" 'occurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;"

and

" 'property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of

use is caused by an occurrence during the policy period; . . ."

The trial court granted Reliance's motion for summary judgment based on its determination that the actions brought by the purchasers of the houses arose out of what the court characterized as "consumer dissatisfaction" and not out of an "occurrence" as that term was defined under the policy.

We need not decide whether the damages claimed for repair and/or replacement of the heating systems and for the use of alternative heating systems can be considered to result from "property damage . . . caused by an occurrence," for, under the exclusions contained in the policy, Reliance is relieved of liability with respect to such damages. The relevant policy exclusions are as follows:

"This insurance does not apply:

. . .

K. to property damage

   . . .

   (2) . . . to

      . . .

      (d) that particular part of any property, not on premises owned by or rented to the insured,

         . . .

         (iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured.

. . .

M. to loss of use of tangible property which has not been physically injured or destroyed resulting from

   . . .

   (2) the failure of the named insured's products or work performed by or on behalf of the named

insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured;

. . .

P. to damages claimed for the withdrawal, inspection, repair, replacement, or loss of use of the named insured's products or work completed by or for the named insured or of any property of which such products or work form a part, if such products, work or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein; . . ."

These exclusions relieve Reliance of any liability or duty to defend Minnick's in the actions brought by the purchasers who alleged property damages only.

We are of the opinion, however, that the policy language which defines accident as "including continuous or repeated exposure to conditions, which result in bodily injury . . ." encompasses the loss of consortium claimed by the purchasers Grace and Wu. While their allegations do not explicitly set forth any claim of bodily injury, loss of consortium is a consequence of bodily injury and we consider that sufficient to obligate Reliance to provide a defense to that part of the claim. As the Court of Appeals stated in *Brohawn v. Transamerica Insurance Co., supra* at 408, "Even if a tort plaintiff does not allege facts which clearly bring the claim within or without the policy coverage, the insurer still must defend if there is a *potentiality* that the claim could be covered by the policy." (Emphasis in original). Thus, at least with respect to the damages claimed for loss of consortium, there was an "occurrence" within the meaning of the policy. *See, Steyer v. Westvaco,* 450 F. Supp. 384, 389 (D. Md. 1978):

"Once it is determined that the insurance policy creates a duty to defend against claims made within the policy's coverage and it is further determined that the complaint alleges the cause of action within the policy's coverage, the company is

obligated to defend the suit, notwithstanding alternative allegations outside the policy's coverage, until such time, if ever, that the claims have been limited to ones outside the policy coverage."

As we stated above, the claims for loss of consortium are within the policy's coverage and are not otherwise excluded. Accordingly, we find that Reliance does have a duty to provide Minnick's a defense in the actions brought by the Wus and the Graces, with respect to the claims for loss of consortium.

> *Judgment vacated.*
> *Case remanded for entry of a declaration in conformity with this opinion.*
> *Appellee to pay the costs.*